**Exhibit E**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARVEN WAMWRIGHT,

                Plaintiff,

              – against –

CADLE ROCK JOINT VENTURE, LP.,
JP MORGAN CHASE,
DELSHA 721 FIFTH 45K LLC,
MARC BENHURI, MOISES KROITORO,
and BERTHA EPSTEIN,

                Defendants.
-----------------------------------------------------------x

Case No.: 1-13-43546

      Marven Wamwright, complaining of the defendant, CADLE ROCK JOINT VENTURE, LP., respectfully represents:

      1. Defendant CADLE ROCK JOINT VENTURE, LP. exists by virtue of and under the laws of the State of New York.

      2. The defendant, CADLE ROCK JOINT VENTURE, LP. in reference to the real property at issue in this case, was represented by Vlock & Associates, PC., with an address at 380 Madison Avenue, 22nd Floor, New York, NY 10017. The defendant may be served through said law firm.

      3. The defendant JP Morgan Chase is a banking corporation doing business in New York and other states of the United States.

      4. The defendant, JP MORGAN CHASE in reference to the real property at issue in this case, was represented by Stagg, Terenzi, Confusione & Wabnik, LLP, with an address at 401 Franklin Avenue, S$^{ui}$te 300, Garden City, NY 11530. The defendant may be served through said law firm.

5. The defendant DELSHA 721 FIFTH 45K LLC is a limited liability company existing by virtue of and under the laws of the State of New York, with an address at 114 East 13th Street, Front 1, New York, NY 10003 and may be served at that address.

6. The defendants MARC BENHURI, MOISES KROITORO, and BERTHA EPSTEIN are natural persons.

7. In connection with the real property at issue in this case defendants MARC BENHURI, MOISES KROITORO, and BERTHA EPSTEIN were represented by Nathaniel B. Smith, Esq. These defendants may be served through said attorney, who has an address at 111 Broadway, New York, NY 10006.

8. This adversary proceeding arises out of plaintiff's case under Chapter 13 of the Bankruptcy Code, Case No. 1-13-43546, now pending before this court.

9. This court has jurisdiction pursuant to 28 U.S.C. 157, 1334 and 11 U.S.C. 362. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2).

10. The plaintiff filed a voluntary petition under Chapter 13 of the Bankruptcy Code on June 10, 2013.

11. At the commencement of the Chapter 13 case, plaintiff was a co-owner, with Imperial Capital, LLC, of a condominium unit located at 721 5th Avenue, Apt 45K, New York, NY 10022.

12. At the time of the filing of the petition under Chapter 13, the defendant CADLE ROCK JOINT VENTURE, LP. held a judgment against Mel Cooper, a co-owner of the referenced property.

13. At the time of the filing of the petition under Chapter 13, the defendants BENHURI, MOISES KROITORO, and BERTHA EPSTEIN held a judgment against Mel

Cooper, a co-owner of the referenced property.

14. The defendant Delsha 721 Fifth 45K LLC is alleged to have purchased the referenced real property.

15. A plan has not been confirmed nor a discharge entered in the Chapter 13 case.

16. The defendants, without having obtained from this court a modification of the automatic stay afforded by 11 U.S.C. 362, proceeded to sell the referenced real on October 31, 2013. Upon information and belief, the defendants have recorded a deed transferring the referenced unit in the office of the City Register of the City of New York, County of New York.

17. The property was sold for $ 4,100,000. The value of the property was $6,500,000. Consequently, the value for which the property was sold was grossly inadequate in view of the true value of the property.

18. The sale by the defendants was in violation of 11 U.S.C. 362, is void, and should be set aside.

**WHEREFORE,** plaintiff prays for a judgment of the court setting aside the transfer conducted by the defendants, cancelling the deed made at such transfer, and causing such deed to be stricken from the record of the City Register of the City of New York, and for such other and further relief as may be just.

Marven Wamwright
390 Eastern Parkway Apt 5G
Brooklyn, NY 11225

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>MARVEN WAMWRIGHT | DEFENDANTS<br>CADLE ROCK JOINT VENTURE,<br>JPMORGAN CHASE,<br>DELSHA 721 FIFTH AVE 45K LLC,<br>MARC BENHURI, MOISES KROITORO<br>BERTHA EPSTEIN |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>N/A 70A GREENWICH AVE #180<br>NEW YORK, NY 10011 | ATTORNEYS (If Known)<br>VLOCK & ASSOCIATES, PC.<br>STAGG, TERENZI, CONFUSIONE, & WABNIK LLP<br>NATHANIEL B. SMITH |
| PARTY (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☑ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

willfull violation of STAY, AND SEEKING RETURN of PROPERTY.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability - §523(a)(5), domestic support |
| ☐ 12-Recovery of money/property - §547 preference | ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☐ 13-Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability - §523(a)(8), student loan |
| ☐ 14-Recovery of money/property - other | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | ☐ 65-Dischargeability - other |
| ☐ 21-Validity, priority or extent of lien or other interest in property | |
| | **FRBP 7001(7) – Injunctive Relief** |
| **FRBP 7001(3) – Approval of Sale of Property** | ☐ 71-Injunctive relief – imposition of stay |
| ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | ☑ 72-Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| ☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | ☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |
| ☐ 51-Revocation of confirmation | ☑ 91-Declaratory judgment |
| **FRBP 7001(6) – Dischargeability** | **FRBP 7001(10) Determination of Removed Action** |
| ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | ☐ 01-Determination of removed claim or cause |
| ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq. |
| (continued next column) | ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>MARVEN WAMWRIGHT | BANKRUPTCY CASE NO.<br>1-13-43546 | |
| DISTRICT IN WHICH CASE IS PENDING<br>EASTERN | DIVISION OFFICE<br>BROOKLYN, NY | NAME OF JUDGE<br>JUDGE Stong |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>MARVEN WAMWRIGHT | DEFENDANT CADLEROCK JOINT VENT. LP.<br>JP MORGAN CHASE<br>DELSHA 721 FIFTH AVE 45K LLC<br>MARC BENHURI MOISES KROITORO | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>EASTERN | DIVISION OFFICE<br>BROOKLYN, NY | NAME OF JUDGE<br>JUDGE STONG |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>11-22-13 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>MARVEN WAMWRIGHT | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.