UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:                                                          Chapter 13

     MARVEN WAMWRIGHT,                      Case No. 13-43546 (ESS)

               Debtor.

------------------------------------------------------------X

MARVEN WAMWRIGHT,

               Plaintiff,                    Adv. Proc. No. 13-01529 (ESS)

     - against-

CADLE ROCK JOINT VENTURE, L.P.,
JP MORGAN CHASE, DELSHA 721
FIFTH 45K LLC, MARC BENHURI,
MOISES KROITORO AND BERTHA
EPSTEIN,

               Defendants.

------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION OF DEFENDANT JPMORGAN CHASE BANK, N.A.
## S/H/A JP MORGAN CHASE TO DISMISS COMPLAINT

Stagg, Terenzi, Confusione & Wabnik, LLP
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*
*s/h/a JP Morgan Chase*
401 Franklin Avenue, Suite 300
Garden City, New York 11530
Tel: (516) 812-4500
Fax: (516) 812-4600

Submitted By: Jacqueline M. Della Chiesa, Esq.
          Michael Kwiatkowski, Esq.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................. ii

PRELIMINARY STATEMENT .................................................................................................... 1

JURISDICTION ............................................................................................................................. 2

BACKGROUND ............................................................................................................................ 2

ARGUMENT .................................................................................................................................. 3

    A.  The Debtor Failed to Properly Serve the Complaint ........................................................ 6

    B.  There Could Be No Violation of the Automatic Stay
        Because the Subject Transfer Occurred After This Court
        Dismissed the Debtor's Case ............................................................................................ 7

    C.  The Subject Property Was Not Listed As An Asset of the
        Debtor in His Petition Schedules ..................................................................................... 7

    D.  Order Entered in a Redacted Bankruptcy Proceeding
        Prohibited Any Automatic Stay Related to the Property
        Until November 16, 2013 .................................................................................................. 9

CONCLUSION.............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

### Federal Cases

*In re Arana*, 456 B.R. 161 (Bankr. E.D. N.Y. 2011) .................................................................. 7, 8

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ............................................................................ 3, 4, 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................... 3, 4, 5

*In re Calpine Corp.*, 2007 WL 4565223 (Bankr. S.D.N.Y. 2007) .................................................. 5

*In re Century City Doctors Hosp., LLC*, 2010 WL 6452903 (B.A.P. 9th Cir. 2010) ................... 5

*DiFolco v. MSNBC Cable, LLC*, 622 F.3d 104 (2d Cir. 2010) ..................................................... 4

*Dow Jones & Co. v. Int'l Sec. Exch., Inc.*, 451 F.3d 295 (2d Cir. 2006) ..................................... 5

*Dumas v. Sabre Group, L.L.C.*, 2008 U.S. Dist. LEXIS 99516 (N.D. Ill. 2008) .......................... 7

*Easley v. Pettibone Mich. Corp.*, 990 F.2d 905 (6th Cir. 1993) ................................................... 9

*Faulkner v. Beer*, 463 F.3d 130 (2d Cir. 2006) ........................................................................... 5

*Gillingham v. Geico Direct*, 2008 WL 189671 (E.D.N.Y. Jan. 18, 2008) .................................... 5

*Kline v. Tiedemann (In re Kline)*, 424 B.R. 516 (Bankr. N. Mex. 2010) ...................................... 7

*Mitchell v. Home Echo Club, Inc.*, 2009 U.S. Dist. LEXIS 55732, 2009 WL 1597901
(S.D. Ohio 2009)........................................................................................................................... 9

*Nicholson v. Nagel (In re Nagel)*, 245 B.R. 657 (D. Ariz.  1999) ................................................. 7

*Roth v. Jennings*, 489 F.3d 499 (2d Cir. 2007) .......................................................................... 5

*United States v. Shadduck*, 112 F.3d 523 (1st Cir. 1997) ........................................................... 8

### Statutes and Rules

11 U.S.C. § 301 ......................................................................................................................... 7, 8

11 U.S.C. § 342(a) .................................................................................................................... 7, 8

11 U.S.C. § 362........................................................................................................................... 7, 8

11 U.S.C. § 514(a)(1) ................................................................................................ 8

28 U.S.C. § 157 ........................................................................................................ 2

28 U.S.C. § 1334 ...................................................................................................... 2

Fed. R. Bankr. P. 1007 ............................................................................................. 7

Fed. R. Bankr. P. 2002 ............................................................................................. 7

Fed. R. Bankr. P. 7004 ............................................................................................. 6

Fed. R. Bankr. P. 7012 ............................................................................................. 4

Fed. R. Civ. P. 8 ....................................................................................................... 3

Fed. R. Civ. P. 12 ............................................................................................. 4, 5, 6

JPMorgan Chase Bank, N.A. sued herein as JP Morgan Chase ("Chase"), by and through its attorneys Stagg, Terenzi, Confusione & Wabnik, LLP, respectfully submits this memorandum of law in support of its motion to dismiss ("Motion") the complaint ("Complaint") filed by debtor Marven Wamwright (the "Debtor"), pursuant to Federal Rule of Civil Procedure 8(a) and 12(b), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7008 and 7012.

The Complaint was filed by the Debtor on November 22, 2013. As detailed below, the Complaint should be dismissed because it fails to state a claim against Chase upon which relief can be granted. Additionally, the Debtor failed to properly serve the Complaint.

## PRELIMINARY STATEMENT

In his Complaint, the Debtor seeks to have this Court set aside a transfer of condominium unit located at 721 5th Avenue, Apt. 45K, New York, New York 10022 ("Property"). (Complaint, ¶ 18). Although the Debtor's bankruptcy filings in this Chapter 13 case fail to indicate that Debtor has or ever had any ownership interest in the Property, the Complaint alleges that the Debtor was a "co-owner" of the Property when the Chapter 13 case was filed. (Complaint, ¶ 11). The transfer of the Property occurred on October 31, 2013 and the Complaint alleges that the transfer was in violation of the automatic stay under section 362 of the Bankruptcy Code. (Complaint, ¶ 16). This is despite the fact that two days prior to the allegedly void transfer, on October 29, 2013, this Court issued an order dismissing Debtor's Chapter 13 case. Moreover, the Debtor's bankruptcy filings fail to indicate that Debtor has an ownership interest in the property or include Chase as a creditor of the Debtor. Lastly, in a related bankruptcy proceeding before Judge Stuart M. Bernstein in the United States Bankruptcy Court for the Southern District of New York, the Court issued an order on November 16, 2012 which

prohibited anyone claiming to hold any interest in the Property from obtaining an automatic stay with regard to the sale of the Property for a period of 12 months (or, until November 16, 2013).

The Complaint should be dismissed because the Complaint fails to state a claim against Chase upon which relief can be granted. Not only was the Debtor Chapter 13 case dismissed at the time of the allegedly void transfer of the Property, the Debtor's petition schedules did not list the Property as property of the Debtor's estate nor include Chase as a creditor of the Debtor.

## JURISDICTION

This Court has jurisdiction over this core proceeding pursuant to, and the Standing Order of Reference in effect in the Eastern District of New York.

## BACKGROUND

On June 10, 2013, the Debtor filed this bankruptcy case by filing a voluntary petition for relief under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code"). (ECF Doc. No. 1). The Chapter 13 petition filed by the Debtor does not list the Property as an asset of the Debtor, nor does it list Chase as the Debtor's creditor. See Ex. A.[1] The Debtor's deficient schedules were due June 24, 2013. (ECF Doc. No. 4). The Debtor failed to timely file those deficient schedules and, on July 29, 2013, the Court issued an order to show cause why the Debtor's case should not be dismissed for failure to file the schedules and statements pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) with hearing scheduled for September 6, 2013. (ECF Doc. No. 17). The Debtor failed to appear at the September 6, 2013 hearing and the Court adjourned that hearing to October 4, 2013 and issued another order to show cause on September 9, 2013. (ECF Doc. No. 19). On October 4, 2013, the Debtor filed

---

[1] For the Court's easy reference, copies of the relevant bankruptcy filings in the Debtor's Chapter 13 case are attached to the affirmation in support of motion to dismiss by Jacqueline M. Della Chiesa dated December 20, 2013 and all exhibits referred to herein are annexed to that affirmation, unless otherwise stated.

amended and additional schedules.  See Ex. B and C.  However, the Debtor again failed to appear at the Court-ordered hearing on the order to show cause on October 4, 2013.  The Court adjourned that hearing on the order to show cause to October 28, 2013.  At the October 28, 2013 hearing, the Debtor once against failed to appear and the Court issued an order dismissing this Chapter 13 case on October 29, 2013.  See Ex. D.

As stated in the Complaint, the Property was transferred on October 31, 2013.  See Ex. E at ¶ 16.  At the time of the transfer, Chase held a mortgage on the Property.

On November 22, 2013, the Debtor filed the Complaint.  See Ex. E.  The Complaint alleges that the October 31, 2013 transfer is void because it was in violation of the automatic stay and thus, should be set aside.  See Ex. E at ¶ 18.

Lastly, in a related Chapter 11 filed by Imperial Capital LLC in the Southern District of New York (J. Bernstein), the Court dismissed that filing and issued an order on November 16, 2012 which prohibited anyone alleging an interest in the Property from obtaining an automatic stay for a period of twelve (12) months (or, November 16, 2013).  See Ex. F.

## ARGUMENT

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court stated that under this rule, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).  In a subsequent case, *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court set forth a two-step approach for courts to follow when deciding a motion to dismiss.  First, a court should "identify[] pleadings that,

3

because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012, provides for the dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Bankr. P. 7012(b). In *Twombly*, the Supreme Court held that for a complaint to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face". *Twombly*, 550 U.S. at 570. The Court explained that "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

While, when considering a motion to dismiss under Rule 12(b)(6), the court should accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff, *DiFolco v. MSNBC Cable, LLC*, 622 F.3d 104, 110-11 (2d Cir. 2010), a court is not

required to accept as true those allegations that amount to no more than legal conclusions. *Iqbal*, 129 S. Ct. at 1950; *Twombly*, 550 U.S. at 555; *Dow Jones & Co. v. Int'l Sec. Exch., Inc.*, 451 F.3d 295, 307–08 (2d Cir. 2006) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (citations omitted). Additionally, to avoid dismissal, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545 (2007); *Iqbal*, 556 U.S. at 667-68 (2009) ("a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'") (*quoting Twombly*, 550 U.S. at 570).

In deciding a Rule 12(b)(6) motion, a court may look to not only the facts alleged in the complaint, but also those "[d]ocuments that are attached to the complaint or incorporated in it by reference." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). *See Gillingham v. Geico Direct*, 2008 WL 189671, at *2 (E.D.N.Y. Jan. 18, 2008) (stating that when considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court may look to the complaint, its exhibits, and documents incorporated by reference into the complaint). Other documents may be considered if they are documents "upon which [the complaint] solely relies and . . . [are] integral to the complaint." *Roth*, 489 F.3d at 509 (internal quotation marks omitted). But "even if the document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). Moreover, when considering a motion to dismiss an adversary proceeding complaint, a court may take judicial notice of motions filed and orders entered in the underlying bankruptcy case. *See In re Century City Doctors Hosp., LLC*, 2010 WL 6452903, at *6 (B.A.P. 9th Cir. 2010); *In re Calpine Corp.*, 2007 WL 4565223, at *4 (Bankr. S.D.N.Y. 2007) (taking judicial

notice of entire docket of chapter 11 case, including all pleadings, previous orders and hearing transcripts).

**(A)**     <u>**The Debtor Failed to Properly Serve the Complaint**</u>

As a threshold issue, the Complaint was not properly served on Chase. According to the filed certificate of service, the Complaint was served by regular mail on Chase in care of "Stagg, Terenzi, Confusione & Wabnik." <u>See</u> <u>Ex.</u> F.

While Fed. R. Bankr. P. 7004 permits service of process by first class mail, under Rule 7004(a)(3), service "[u]pon a domestic or foreign corporation or upon a partnership or other unincorporated association" is to be carried out "by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." Fed. R. Bankr. P. 7004(a)(3). The law firm of Stagg, Terenzi, Confusione & Wabnik, LLP is none of the type of representatives of Chase enumerated in Rule 7004(a)(3). Further, prior to service of the Complaint, the law firm of Stagg, Terenzi, Confusione & Wabnik, LLP did not represent Chase in connection with the Debtor's Chapter 13 case. Thus, Chase is uncertain what basis the Debtor had for effectuating service of the Complaint and accompanying summons on Chase through service on the law firm of Stagg, Terenzi, Confusione & Wabnik, LLP.

Accordingly, pursuant to Fed. R. Civ. P. 12(b)(5), the Complaint should be dismissed for failure to properly effectuate service of process.

**(B)    There Could Be No Violation of the Automatic
Stay Because the Subject Transfer Occurred After
This Court Dismissed the Debtor's Case**

Substantively, the Bankruptcy Code clearly provides that automatic stay is terminated once the underlying case is dismissed.    Under section 362(c)(2), the automatic stay "continues until the earliest of-- (B) the time the case is dismissed . . .".  11 U.S.C. § 362(c)(2)(B).    Once the case is dismissed, the automatic stay is terminated by operation of the law.  *See Dumas v. Sabre Group, L.L.C.*, 2008 U.S. Dist. LEXIS 99516 (N.D. Ill. 2008); *Kline v. Tiedemann (In re Kline)*, 424 B.R. 516 (Bankr. N. Mex. 2010) (holding that upon dismissal of a Chapter 13 case, the stay terminated by operation of the law under section 362(c)(2)).

Here, this Court issued an order dismissing the Debtor's Chapter 13 case on October 29, 2013—two days before the allegedly void transfer on October 31, 2013.  As such, there could be no violation of the automatic stay arising from the transfer as the Debtor claims in the Complaint since the automatic stay was terminated by operation of the law prior to the transfer.[2] Accordingly, the Complaint should be dismissed.

**(C)    The Subject Property Was Not Listed As An
Asset of the Debtor in His Petition Schedules**

A bankruptcy petition is filed under penalty of perjury and a debtor's failure to properly disclose property belonging to the estate has sever consequences.  *In re Arana*, 456 B.R. 161 (Bankr. E.D. N.Y. 2011) (J. Stong).  A debtor is likewise required to file "a list containing the name and address of each creditor" as part of the bankruptcy petition from which creditors are sent notice of the Debtor's bankruptcy proceeding.  Fed. R. Bankr. P. 1007(a)(1), 2002(f)(1); 11

---

[2] Chase is aware that the Debtor filed a motion to vacate the dismissal order entered by this Court on October 29, 2013.  [ECF Doc. Nos. 30–31].  Even assuming *arguendo* that this Court vacates the dismissal order, it would be inappropriate for the Court to retroactively reinstate the automatic stay as to undo the October 31, 2013 transfer.  *See Nicholson v. Nagel (In re Nagel)*, 245 B.R. 657 (D. Ariz.  1999).

U.S.C. §§ 301, 342(a). This Court, in *Arana*, stated that "[w]hether represented by counsel or proceeding *pro se*, debtors must also sign their bankruptcy petitions under the penalty of perjury" and "[d]ishonesty can bring severe consequences, including revocation of discharge and civil sanctions." *Arana*, 456 B.R. at 169. Further, as this Court noted in *Arana*, "the knowing and fraudulent concealment of property belonging to the estate of a debtor is a federal crime punishable by a fine, a prison term of up to five years, or both." *Arana*, 456 B.R. at 169 (*referencing* 18 U.S.C. § 152 and *United States v. Shadduck*, 112 F.3d 523 (1st Cir. 1997).

The Debtor's petition, accompanying schedules and late-filed additional schedules do not list the subject Property as an asset of the Debtor. See Exs. A – C. Moveover, the petition schedules do not list Chase as a creditor of the Debtor or holder of any liens on the Debtor's assets. Nevertheless, the Debtor is now claiming in the Complaint that Chase somehow violated the automatic stay when the Property not included on the Debtor's schedules was transferred. At the time of the October 31, 2013 transfer, there was no indication that the Debtor had any interest in the Property as the Debtor is now claiming.[3]

Chase recognizes that the automatic stay applies to "property of the estate," 11 U.S.C. § 362(a), which is generally defined as "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. § 514(a)(1), and is thus not necessarily limited to the property listed by a debtor in petition schedules. However, at minimum, Debtor's failure to list the Property as an asset and include Chase as a creditor in his schedules, deprived Chase of notice of the bankruptcy filing and arguably estops the Debtor from now claiming that he should obtain the benefit of the automatic stay for property which he failed to list on his petition and

---

[3] Further, public real estate records do not indicate that the Debtor has any interest in the Property. See Exs. H and I. The real estate records retrieved through New York City recording system (ACRIS) for the Property show five deeds, none of which reference the Debtor as an owner, or co-owner, of the Property. See Ex. I.

schedules. Courts have held that where a debtor withholds notice of the bankruptcy filing, protections of section 362(a) may be unavailable to the debtor. For example, in *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905 (6th Cir. 1993), the Sixth Circuit stated that "where the debtor unreasonably withholds notice of the stay and the creditor would be prejudiced if the debtor is able to raise the stay as a defense, or where the debtor is attempting to use the stay unfairly as a shield to avoid an unfavorable result, will the protections of section 362(a) be unavailable to the debtor." *Easley*, 990 F.2d at 911. *See also Mitchell v. Home Echo Club, Inc.*, 2009 U.S. Dist. LEXIS 55732, 2009 WL 1597901 (S.D. Ohio 2009) (finding that a party unreasonably withheld notice of the automatic stay by not listing creditor in the bankruptcy schedules and failing to inform creditor's counsel of the bankruptcy).

> **(D)    Order Entered in a Related Bankruptcy**
> **Proceeding Prohibited Any Automatic Stay**
> **Related to the Property Until November 16, 2013**

Lastly, in a Chapter 11 case filed by Imperial Capital LLC in the Southern District of York (J. Bernstein) (Case No. 12-13809-SMB), the Court dismissed that filing and issued an order on November 16, 2012 which prohibited anyone alleging an interest in the Property from obtaining an automatic stay for a period of twelve (12) months (or, November 16, 2013). See Ex. F.

Judge Bernstein's order was issued because of multiple prior bankruptcies by purported owners of the Property (particularly, Imperial Capital LLC and Mel Cooper) as a way to end the string of bad faith filings related to the Property. Since the subject transfer occurred on October 31, 2013, Judge Bernstein's order further prevents the Debtor from asserting, as he claims in the Complaint, that the transfer violated the automatic stay and was thus void as a result.

Thus, the Court filings entered in the Debtor's underlying bankruptcy case unequivocally establish that (i) at the time of the allegedly void transfer, the Debtor's Chapter 13 case was dismissed and (ii) the Debtor did not list the Property as his asset or include Chase as a creditor on his petition and schedules.    Further, Judge Bernstein's order in Imperial Capital LLC's Chapter 11 case prevents the Debtor from claiming that the subject transfer violated the automatic stay which could not have been in place with respect to the Property.

## CONCLUSION

For the foregoing reasons, Chase respectfully requests that the Court (a) grant the Motion and dismiss the Complaint with prejudice; and (b) grant such other and further relief to Chase as the Court deems proper.

Dated:  Garden City, New York
        December 20, 2013

                              Stagg, Terenzi, Confusione & Wabnik, LLP


                              By:      /s/ Jacqueline M. della Chiesa
                                       Jacqueline M. Della Chiesa, Esq.
                                       Michael Kwiatkowski, Esq.
                              *Attorneys for Defendant JPMorgan Chase Bank,*
                              *N.A. s/h/a JP Morgan Chase*
                              401 Franklin Avenue, Suite 300
                              Garden City, New York 11530
                              Tel: (516) 812-4500
                              Fax: (516) 812-4600